STATE of Iowa, Plaintiff–Appellee,

v.

Jose RUIZ, Defendant–Appellant.

No. 91–1508.

Court of Appeals of Iowa.

Dec. 29, 1992.

Jon M. Kinnamon of Kinnamon, Kinnamon, Russo & Meyer, Cedar Rapids, for defendant-appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., William F. Creasey, County Atty., and Ann Terry, Asst. County Atty., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Defendant-appellant Jose Ruiz appeals his conviction for conspiracy to deliver or delivery of cocaine in violation of Iowa Code section 204.402(1)(a). The case was tried to the court. Defendant contends the trial court erred (1) in failing to dismiss the criminal charge against him on speedy trial grounds, (2) by admitting hearsay evidence on the basis of a coconspirator statement, and (3) in finding the record supported substantial evidence for his conviction. We affirm.

On January 21, 1991, the State filed a trial information charging defendant with conspiracy to deliver or delivery of cocaine.

Defendant was arraigned, entered a plea of not guilty, and demanded a speedy trial. Subsequently, defendant was incarcerated for another offense. On March 1, 1991, the charges were dismissed by the county attorney without prejudice.

On June 18, 1991, another trial information was filed charging defendant with the same charge, that is, conspiracy to deliver or delivery of a controlled substance, as was filed in January 1991. On July 9, 1991, defendant moved to dismiss the criminal charge against him on the grounds his rights to speedy trial had been denied. His contention was that he had not been brought to trial within ninety days of the time of the filing of the first information in January 1991. The State resisted defendant's motion. Defendant's motion was denied by the trial court, and the case continued to trial. Defendant appeals this ruling and his conviction.

Defendant first contends he was denied his statutory and constitutional right to a speedy trial. The State admits defendant has preserved error on his statutory right to a speedy trial but contends defendant did not preserve error on his constitutional challenge. The State also contends defendant contributed to the delay and defendant was not prejudiced by the delay.

The trial court found that while incarcerated for a drunk driving charge, defendant, without his attorney present, negotiated with the State to work as an informant, and the charges were dismissed on March 1, 1991 on that basis. The court further found defendant did not want his attorney present because he did not want his attorney to know he was going to be an informant. The court determined defendant did not work as an informant and defendant's failure to work as an informant was the reason the State filed another trial information on June 18, 1991. The trial court found the first information was dismissed because of plea negotiations, there was no evidence the State dismissed to avoid a speedy trial problem and the plea negotiations were considered "good cause" for delaying the trial because the defendant did not uphold his part of the bargain and the charges were refiled.

■ There is no record of the hearing and the evidence that formed the basis of the trial court's findings. Defendant claims because the State has presented no record to support the trial court's findings, the State has failed to meet its burden of proof on the issue. The State advances that it is not the State's responsibility to provide a record of the hearing and, absent a transcript, we must accept the trial court's findings of facts as being supported by substantial evidence.

Under Iowa Rule of Criminal Procedure 27(2)(b), in a criminal case where a defendant has not waived speedy trial, he or she must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless defendant has waived his or her right or the delay is attributable to defendant or there is good cause for the delay. *See* Iowa R.Crim.P. 27(2)(b).

■ It is clearly the State's burden to demonstrate good cause in order to be excused from the ninety-day trial requirement. *State v. Petersen*, 288 N.W.2d 332, 334 (Iowa 1980); *State v. Brandt*, 253 N.W.2d 253, 255 (Iowa 1977); *State v. Moehlis*, 250 N.W.2d 42, 46 (Iowa 1977).

■ We agree with the State that a defendant claiming error has an obligation to provide the court with a record that discloses the error claimed. *See State v. Ryder*, 315 N.W.2d 786, 788 (Iowa 1982); *State v. Mark*, 286 N.W.2d 396, 402 (Iowa 1979). Defendant failed to make a proper record on the matter. Where there was no reported record, the defendant should have used the office of a bill of exceptions so as to make the proceedings and evidence appear of record. *See* Iowa R.Crim.P. 23(1). None having been made, we accept the trial court's findings as being supported by the evidence.

■ The next question is whether these findings are sufficient to support a finding there was good cause for delaying the trial.

■ If it can be demonstrated the prior dismissal was without adequate cause and it impacted unfavorably upon defendant's speedy trial rights, the resulting delay in prosecution would warrant a dismissal on speedy trial grounds. *See State v. Gansz,* 403 N.W.2d 778, 780 (Iowa 1987). However, a defendant may not actively, or passively, participate in the events which delay his or her trial and then later take advantage of that delay to terminate the prosecution. *See State v. Finn,* 469 N.W.2d 692, 694 (Iowa 1991). The trial court found the dismissal of the prior charge was the result of negotiations between defendant and the State whereby defendant was to work as an informant and the charges would be dismissed. Defendant did not work as an informant. The trial court found good cause for the delay. We affirm on both defendant's statutory and constitutional challenges.

■ Defendant next claims the trial court erred in admitting hearsay evidence. The State contends the evidence was not hearsay because the evidence was a statement of a coconspirator.

A special agent with the Iowa Division of Narcotics Enforcement was working in Muscatine County as an undercover agent. The undercover agent, according to a prior arrangement with the alleged coconspirator, a man named Garcia, met Garcia at a bar about 8:30 p.m. to purchase cocaine. Garcia told the agent to return at 10:30 p.m. and he would be able to get the agent a larger amount of cocaine. When the agent returned to the bar at 10:45 p.m., the agent told Garcia he wanted to purchase one-eighth ounce of cocaine. Garcia walked away from the agent and talked to defendant who was in the bar. The agent could not hear the conversation between Garcia and defendant. After Garcia talked to defendant, defendant told the agent he could get one-sixteenth ounce of cocaine and the price would be $120. The agent testified that he saw Garcia give defendant $120 and saw defendant leave the bar. The agent testified that about five minutes later defendant returned to the bar and handed Garcia two or three packets of mul-

ticolored paper. Garcia told the agent to follow him into the men's restroom and Garcia gave the agent three multicolored packets. The contents of the packets were later identified to be cocaine.

On direct examination, the State asked the undercover agent:

Q. Did Garcia indicate if the defendant was going to get the cocaine?

Defendant's counsel objected to the question as calling for a hearsay response. The trial court overruled the objection and allowed the witness to answer as a coconspiratorial statement. The undercover agent testified as follows:

A. When Jose Ruiz left with the $120 of United States currency that I gave to Garcia and he gave to Ruiz, I asked Garcia who he was giving my money to and if he could be trusted. And Juan Garcia advised me that it was Jose Ruiz that he gave the $120, and I said, are you sure he's going to come back. And he said, yeah, he'll come back or I'll break both his legs. And I said that was fair enough.

Defendant contends this statement was not admissible because it was hearsay. The State argues it is not hearsay under Iowa Rule of Evidence 801 which provides: "... (d) Statements which are not hearsay (2) Admission by party-opponent ..., or (e) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." The question, therefore, is was there substantial evidence there was a conspiracy between defendant and Garcia, and were the statements made in the furtherance of a conspiracy?

■ The elements of conspiracy may be proved by circumstantial evidence, and the agreement may be inferred from the surrounding circumstances. *See State v. Jennings,* 195 N.W.2d 351, 356 (Iowa 1972). All legitimate inferences arising reasonably and fairly from the evidence may be indulged in to support the verdict. *State v. Mulder,* 313 N.W.2d 885, 888 (Iowa 1981). The weight of the evidence and credibility of witnesses are primarily to be determined by the fact-finder. *See State v. Allen,* 348

N.W.2d 243, 247 (Iowa 1984); *State v. Robinson*, 288 N.W.2d 337, 341 (Iowa 1980).

There was evidence of two conversations between defendant and Garcia. There was evidence Garcia gave defendant the $120 the agent gave him to buy drugs. There was evidence defendant left the bar and returned and gave Garcia some packets. We find there was substantial evidence to support the finding Garcia and defendant were engaged in a conspiracy and the statements were made during the course of the conspiracy. The trial court did not abuse its discretion in admitting the evidence.

■ Defendant next contends there was not sufficient evidence the cocaine the agent received from Garcia had been given to Garcia by defendant. Neither Garcia nor defendant were arrested·on the night of the transaction. The $120 was not recovered. Garcia testified the packets he gave to the agent were hidden in a partially filled cigarette package and were his own, and he had not received them from defendant. Garcia also testified he did not remember much of what happened that evening because he was a heavy drug user. Defendant testified he never received $120 from Garcia, and he did not hand Garcia three multicolored packets containing cocaine.

The only evidence that the packets defendant gave Garcia were the packets Garcia gave the agent was the agent's testimony. As to this event, the agent testified as follows:

I'm reasonably sure that was the same packets, but I can't tell you if he put those packets in his pockets and pulled out three different ones or had three different ones in his pocket and just exchanged them for them or not.

The agent did not clearly identify the packets he received as the packets defendant gave Garcia.

■ A verdict will be upheld where there is substantial evidence to support the charge. *See State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). This is a close issue. However, when considering all the evidence, we find when considered with the agent's statements, it provides substantial evidence to support a finding beyond a reasonable doubt that the packets given the agent were the same packets defendant gave Garcia. We affirm.

AFFIRMED.