# IN THE COURT OF APPEALS OF IOWA

No. 15-0957
Filed August 17, 2016

**LEONARD RAY RUSSELL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Crawford County, Duane E. Hoffmeyer, Judge.

Applicant appeals the district court decision denying his application for postconviction relief from his convictions for ongoing criminal conduct, two counts of human trafficking, and two counts of pandering. **AFFIRMED.**

Rees Conrad Douglas, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Leonard Russell appeals the district court decision denying his application for postconviction relief from his convictions for ongoing criminal conduct, two counts of human trafficking, and two counts of pandering. We find Russell has not shown he received ineffective assistance based on his claims defense counsel (1) did not ensure Russell was present during arguments in chambers concerning a motion in limine and (2) violated the court's ruling on the motion by calling the State's witnesses liars during closing arguments. We affirm Russell's convictions.

## I.      Background Facts & Proceedings

Russell was charged with ongoing criminal conduct, two counts of human trafficking, and two counts of pandering. The State alleged he induced two teenage girls to work as exotic dancers at strip clubs and to engage in prostitution. Russell claimed the girls were not credible witnesses because they changed some aspects of their stories about what occurred.

Prior to trial the State filed a motion in limine asking the court to prohibit "[a]ny use of the word 'liar' or 'lying' or similar type term." The trial court stated on the record:

> The record should show that we are here in the matter of State versus Leonard Russell, FECR062752. Mr. Russell is present. Counsel is present. The jury is not present. The Court has met with counsel in chambers twice for the purpose of allowing counsel to argue the Motions in Limine filed by the State on September 2nd.

The court sustained the request to prohibit the use of the words "liar" and "lying." There is no transcript of the arguments in chambers concerning the motion in limine.

During closing arguments, defense counsel made a statement that may have referred to the teenage girls as liars, the prosecutor objected, and the district court sustained the objection. There is no transcript of the closing arguments in Russell's criminal trial. Russell was convicted of the charges against him. His convictions were affirmed on appeal. *State v. Russell*, No. 08-2034, 2010 WL 786207, at *4 (Iowa Ct. App. Mar. 10, 2010).

Russell filed an application for postconviction relief, claiming he received ineffective assistance because defense counsel did not ensure Russell was present during the arguments in chambers concerning the motion in limine and because defense counsel improperly violated the court's ruling on the motion by calling the State's witnesses liars during closing arguments. The district court denied Russell's application for postconviction relief. He now appeals.

## II.      Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

### III.    Ineffective Assistance

**A.**    Russell claims he received ineffective assistance because defense counsel did not ensure Russell's presence during the arguments presented in the judge's chambers concerning the State's motion in limine.  For purposes of our discussion, we will assume Russell was not present in chambers during the arguments on the motion in limine.[1]

Putting aside the issue of whether defense counsel breached an essential duty by not ensuring Russell's presence pursuant to Iowa Rule of Criminal Procedure 2.27(1), we turn to the issue of whether Russell was prejudiced by counsel's performance.  *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010) ("[B]ecause we can resolve this issue on the prejudice prong, we need not determine whether the failure to ensure a defendant's presence during consideration of a jury question would always constitute a breach of an essential duty.").  Russell has not shown how his presence during the arguments on the motion in limine would have changed the results of the trial.  *See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015) ("Prejudice is generally found only if 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (citation omitted)).  We conclude Russell has not shown he received ineffective assistance of counsel on this ground.

---

[1]  Because there is no transcript of the arguments made in chambers, it is not entirely clear whether Russell was or was not present for the arguments.  The trial court record does not specifically state whether Russell was present in chambers for the arguments. He was present in the courtroom when the court made a ruling on the motion on the record.  At the postconviction hearing, Russell testified he was not present in chambers during the arguments.  Defense counsel testified, "I just don't recall whether Leonard was actually—he was present in the courtroom, but I don't remember if he went back with us when we went back in the chambers."

**B.** Russell also claims he received ineffective assistance because defense counsel improperly stated during closing arguments the teenage girls were liars or were lying. The prosecutor objected to the statement and the district court sustained the objection. Russell states defense counsel's statement and the court's ruling might have given the jury the impression the court believed the girls were credible because it stopped defense counsel from calling them liars.

There is no transcript of the closing arguments. We do not know exactly what defense counsel said or what the court stated in ruling on the prosecutor's objection, and therefore, there is no evidence to show what impression the statement or ruling might have made. Russell has the burden of establishing his claim of ineffective assistance by a preponderance of the evidence. *See Nguyen v. State*, 878 N.W.2d 744, 752 (Iowa 2016). As the appellant, Russell had the obligation to provide the court with a record to support his claims.[2] *See State v. Ruiz*, 496 N.W.2d 789, 791 (Iowa Ct. App. 1992) ("[A] defendant claiming error has an obligation to provide the court with a record that discloses the error claimed."). Because there is no record to support his claims, we conclude Russell has not shown he received ineffective assistance of counsel.

We affirm Russell's convictions.

**AFFIRMED.**

---

[2] When a transcript is not available, a party may take advantage of the provisions in Iowa Rule of Appellate Procedure 6.806 to develop a statement of the proceedings.