# IN THE COURT OF APPEALS OF IOWA

No. 15-1645
Filed September 28, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MAURICE D. DAYE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

        Maurice Daye appeals his conviction for assault causing injury, contending the trial court abused its discretion by denying his request for substituted counsel and asserting his trial counsel was constitutionally ineffective. **AFFIRMED.**

        Colista K. Anglese of Hammer, Simon & Jensen, P.C., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

**I. Background Facts and Proceedings**

Maurice Daye was arrested and charged on May 15, 2015, with domestic abuse assault with injury, in violation of Iowa Code sections 708.2A(2)(b) and 708.1(2) (2015) and false imprisonment, in violation of Iowa Code section 710.7. The court appointed counsel for Daye, and Daye pled not guilty on June 30, 2015.

On July 28, 2015, Daye's counsel filed an application to conduct depositions, which was granted by order on July 29, 2015. Likewise, Daye's counsel also filed a motion to produce on July 28, and the State filed a notice of compliance on August 4, 2015. Some depositions were scheduled for August 17, 2015, and some were rescheduled to August 26.

On August 27, 2015, the court held a status conference that Daye attended by Daye with his defense counsel. The Court stated the trial in this matter had been set for September 2, 2015, but noted Daye had failed to attend depositions scheduled for the day before, August 26.

At this status conference, Daye expressed to the court the breakdown in communication he was experiencing with his defense counsel. Daye made a request to the court for substituted counsel. The court indicated that it had already previously denied this request:

> DAYE: . . . I don't feel comfortable with her representing me . . . I do want different representation.
> THE COURT: Do I look like Monty Hall, does this look like Let's Make a Deal?
> DAYE: No.
> THE COURT: I've ruled on the issue of counsel. You have good counsel.

The court then rescheduled the trial date to September 14, 2015, which was within the ninety-day deadline for a speedy trial so the pending depositions could be completed. The depositions were rescheduled for September 2, 2015.

On September 2, Daye filed a written petition to plead guilty. As part of the plea agreement, Daye agreed to plead guilty to a lesser charge of assault causing injury, in violation of Iowa Code sections 708.1 and 708.2(2), and the State would dismiss the false-imprisonment charge. The plea also included that Daye would receive a twelve-month sentence, all of which was to be suspended, and a fine, and he would be required to complete a domestic-abuse-program class, to pay restitution, and to abide by a no-contact order. Daye also waived his right to have a verbatim recording of his guilty plea and a formal record of his sentencing. After accepting the guilty plea, the court scheduled sentencing. Daye's attorney did not file a motion in arrest of judgment, and he was sentenced on September 22, 2015.

On September 24, 2015, Daye filed a pro se notice of an immediate appeal. In this notice, Daye details the breakdown of his relationship with his plea counsel and explains his guilty plea was not entered into knowingly or voluntarily. Daye alleged his trial counsel coerced him into pleading guilty by intimidating him, misrepresenting information to him and the court, and tricking him.

## II. Discussion

### A. Abuse of Discretion for Denial of Substituted Counsel

Daye first claims the district court abused its discretion in denying his motion to substitute counsel. He alleges there was a breakdown in communication with his attorney such that he was not provided effective counsel. He requests this court find the trial court abused its discretion resulting in prejudice to Daye and vacate the judgment against him.

We review the grant or denial of a motion to substitute counsel for an abuse of discretion. *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001). To establish the court abused its discretion, Daye must show the court based its decision "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

The Sixth Amendment right to counsel does not guarantee a "meaningful relationship between an accused and his counsel." *Id.* (quoting *Morris v. Slappy*, 461 U.S. 1, 14 (1983)). To justify the granting of a motion for substitute counsel, a defendant must show sufficient cause, which includes conflict of interest, irreconcilable conflict, or a complete breakdown in communication between counsel and the defendant. *See id.* at 778-79. Daye contends on appeal the appointing of substitute counsel would have caused little, if any, delay in his case since no depositions had yet been conducted and the charges had only been pending a few months. He maintains substitute counsel could have been appointed and become acquainted with his case fairly quickly, minimizing any possible delays.

In reviewing whether to grant the motion, the district court must balance "the defendant's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." *Id.* at 779 (internal citation omitted). The court should not allow "last-minute requests to substitute counsel . . . to become a tactic for delay." *Id.* (internal citation omitted). The Iowa Supreme Court has recognized district courts have "a duty of inquiry once a defendant requests substitute counsel on account of an alleged breakdown in communication" with his attorney. *State v. Tejeda*, 677 N.W.2d 744, 750 (Iowa 2004) (citing *Lopez*, 633 N.W.2d at 780).

We briefly consider the State's position that Daye failed to preserve this issue for our review. The State acknowledges the district court previously ruled on the issue, and the record from the pretrial conference confirms this. Albeit scant with detail, we find the court's statement that it had previously ruled on the request sufficient to have preserved it for appellate review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (holding error is generally preserved when the issues to be reviewed have been ruled on by the district court).

We also consider whether the denial of substitute counsel was waived by the guilty plea. *See State v. Burgess*, 639 N.W.2d 564, 567 (Iowa 2001) (noting "[a] guilty plea freely and voluntarily entered waives all defenses and objections, including constitutional guarantees"). An exception is made for defenses and objections "intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Our court previously has ruled that the denial of a motion for substitute counsel is waived by a guilty plea, where the guilty plea explicitly confirmed

satisfaction with plea counsel. *See State v. McCaleb*, No. 15-2215, 2016 WL 4384412, at *1 (Iowa Ct. App. Aug. 17, 2016). The guilty plea here contains no explicit affirmation of satisfaction with counsel.

We need not determine whether the motion for substitute counsel was waived by Daye's guilty plea because there is no adequate record to make any determination. The record before us indicates the district court apparently ruled at some time earlier than the August status conference on the request for substituted counsel. However, there is no record of the motion, nor does the record show how Daye made the request, what specific reasons he provided the district court for the request, whether the district court made a sufficient inquiry into Daye's reasons for the request, or why the district court ultimately denied his request. We have no reasonable way to discern if the district court exercised or abused its discretion. Because it is Daye's burden to present an adequate record on appeal, and he failed to do so, we affirm the court's denial of substitute counsel. *See State v. Ruiz*, 496 N.W.2d 789, 791 (Iowa Ct. App. 1992) ("[A] defendant claiming error has an obligation to provide the court with a record that discloses the error claimed."); *see also* Iowa R. App. P. 6.806 (providing procedure for creating a record where a transcript is unavailable).

## B. Ineffective Assistance of Counsel

Daye also asserts ineffective assistance of counsel for his counsel's failure to depose or interview witnesses and for allegedly pressuring and frightening Daye into pleading guilty. Daye contends his trial counsel used coercion and intimidation to force him to accept a plea deal, making the guilty plea involuntary. He asks this court to vacate his conviction.

To succeed on this claim, Daye must show by a preponderance of the evidence that "(1) trial counsel failed to perform an essential duty, and (2) prejudice resulted from this failure." *See State v. Fountain*, 786 N.W.2d 260, 265-66 (Iowa 2010) (citation omitted). Daye must prove both elements of this test or his claim will fail. *See id.* at 266.

We ordinarily do not consider ineffective-assistance claims on direct appeal. *See State v. Taylor*, 310 N.W.2d 174, 179 (Iowa 1981). While "[w]e prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge . . . we depart from this preference in cases where the record is adequate to evaluate the appellant's claim." *Id.* (citation omitted).

We find the record before us is insufficient to address Daye's claim of ineffective assistance of counsel. We preserve the claim for possible future postconviction proceedings so the record may be developed and Daye's trial counsel may be given the opportunity to explain herself.

**III. Conclusion**

We affirm the denial of substitute counsel and preserve the ineffective-assistance claim for possible future postconviction proceedings.

**AFFIRMED.**