# IN THE COURT OF APPEALS OF IOWA

No. 21-0543
Filed June 15, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ELUBUR LEONEL RODRIGUEZ GARCIA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Cynthia Moisan, District Associate Judge.

The defendant challenges the constitutionality of part of a recently enacted statute governing restitution and, in the alternative, argues the district court abused its discretion in ordering him to pay $150 in category "B" restitution. **AFFIRMED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Heard by May, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

Elubur Rodriguez Garcia pled guilty to eluding and was sentenced to time already served.  As part of the court's March 2021 disposition order, he was told:

> According to Iowa Code § 910.2A [(2021)], Defendant is presumed to have the reasonable ability to pay all *category "B" restitution*[1] *and is therefore ordered to pay all category "B" restitution.*  Defendant can challenge the obligation to pay *category "B" restitution* by filing a motion within 30 days of this order stating that defendant does not have a reasonable ability to pay *category "B" restitution.*  The motion must be accompanied by a financial affidavit which must also be served on the prosecutor.  Defendant must prove that defendant does not have a reasonable ability to pay *category "B" restitution* or the court cannot legally reduce the order to pay such fees.  Failure to file a motion or a financial affidavit waives any claim of an inability to pay category "B" restitution.

Rodriguez Garcia filed a timely request for a reasonable-ability-to-pay-determination along with a financial affidavit.  In his financial affidavit, he stated he was nineteen years old, had obtained a sixth-grade level of education, was not employed, and had no money coming in from other sources.  He listed his monthly debts as "$100 rent" and said he had two "dependents or family members [who] are supported by or live with [him]."  Rodriguez Garcia listed a mental-health diagnosis, "adjustment disorder with mixed anxiety and depressed mood," in

---

[1] As defined by Iowa Code section 910.1(2), category "B" restitution means: the contribution of funds to a local anticrime organization which provided assistance to law enforcement in an offender's case, the payment of crime victim compensation program reimbursements, payment of restitution to public agencies pursuant to section 321J.2, subsection 13, paragraph "b", court costs, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, and payment to the medical assistance program pursuant to chapter 249A for expenditures paid on behalf of the victim resulting from the offender's criminal activities including investigative costs incurred by the Medicaid fraud control unit pursuant to section 249A.50.

response to a question about "any other personal or family circumstances, including physical or mental health issues, that affect [his] ability to repay the restitution ordered in this case."

Following an unreported hearing, the district court issued an order finding Rodriguez Garcia "ha[d] the reasonable ability to pay $150 of category 'B' restitution ordered in this case."

Rodriguez Garcia appeals, raising two issues. First, he challenges part of Iowa Code section 910.2A(5) as unconstitutional, arguing the legislature violated the separation-of-powers doctrine by including the following sentence: "A court is not required to state its reasons for making a determination." And second, Rodriguez Garcia asks us in the alternative to find the district court abused its discretion when it determined he has the reasonable ability to pay $150 in category "B" restitution.

**1. Separation of Powers.**

The State urges us not to consider Rodriguez Garcia's constitutional claim, asserting he has not sufficiently developed the challenge for our review. *See, e.g.*, *Mahnesmith v. State*, No. 19-0877, 2020 WL 7868233, at *5 (Iowa Ct. App. Dec. 16, 2020) ("An [appellant] cannot plant seeds and walk away expecting the court to nurture them to maturity and discover their true identity. That is a job for the [appellant]."). Rodriguez Garcia identified the part of a statute he finds objectionable and names the separation-of-powers doctrine as the constitutional safeguard that has been violated, but he stops there. He does not offer any analysis to support his broad claim of unconstitutionality or even lay out the

separation-of-powers framework that is necessary to decide the challenge on the merits.

We agree with the State; to reach the merits of Rodriguez Garcia's constitutional challenge would "require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume." *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974). In refusing to take up the mantle for Rodriguez Garcia, we note that statutes are presumed to be constitutional and the "party challenging a statute carries a heavy burden of rebutting this presumption." *State v. Tucker*, 959 N.W.2d 140, 147 (Iowa 2021) (citation omitted). Additionally, following Rodriguez Garcia's lead, the State does not provide analysis to consider the merits of the separation-of-power challenge. "[W]e are not convinced the claims are fully briefed . . . to decide the Iowa constitutional claims . . . . Consequently, it would be a disservice to [the defendant], the State, and our system of justice to decide these claims without a thorough vetting . . . ." *State v. Hoeck*, 843 N.W.2d 67, 71 (Iowa 2014).

**2. Abuse of Discretion.**

Alternatively, Rodriguez Garcia asks us to find the district court abused its discretion in concluding he has the reasonable ability to pay $150 in category "B" restitution. *See State v. Williams*, 929 N.W.2d 621, 628 (Iowa 2019) (stating review for abuse of discretion means "we only reverse if the district court's decision rested on grounds or reasoning . . . 'based on an erroneous application of the law or not supported by substantial evidence'" (citation omitted)).

Because the statutory presumption is that he has the ability to pay, Rodriguez Garcia had the burden to prove he is "unable to reasonably make

payments toward the . . . amount of category 'B' restitution" ordered. *See* Iowa Code § 910.2A(2). After a hearing, the district court reduced the amount of category "B" restitution for which Rodrguez Garcia is responsible to $150. In reaching this conclusion, the district court "is presumed to have properly exercised its discretion." *See* Iowa Code § 910.2A(5).

The reasonable-ability-to-pay hearing was unreported and, in accordance with section 910.2A(5), the district court did not give any reasons for its determination. So we have nothing to review. And it is Rodriguez Garcia's "obligation to provide the court with a record that discloses the error claimed." *State v. Ruiz*, 496 N.W.2d 791 (Iowa Ct. App. 1992); *see also* Iowa R. App. P. 6.803(1) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to such finding or conclusion.").

Because we are without anything to review and the district court is presumed to have properly exercised its discretion, we cannot give Rodriguez Garcia the relief he requests. We affirm the district court's determination Rodriguez Garcia has the reasonable ability to pay $150 of category "B" restitution.

**AFFIRMED.**