# IN THE COURT OF APPEALS OF IOWA

No. 22-0714
Filed June 21, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAZMOND DEANTRA TURNER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark Fowler (order continuing trial and good-cause finding), Henry W. Latham II (pre-trial conference), and Meghan Corbin (motion to dismiss and trial), Judges.

JazMond Turner appeals his convictions on two counts of third-degree sexual abuse. **AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Greer, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

JazMond Turner appeals his convictions on two counts of third-degree sexual abuse, claiming his right to a speedy trial was violated. Turner challenges both the finding of good cause to continue the trial past the ninety-day speedy-trial deadline set out in Iowa Rule of Criminal Procedure 2.33(2)(b) (requiring trial within ninety days of indictment) and the length of the delay. We review for an abuse of discretion. *See State v. Veal*, 930 N.W.2d 319, 327 (Iowa 2019).

On September 8, 2021, the State filed trial information alleging that Turner committed two counts of sexual abuse in the third degree. Under rule 2.33(2)(b), the ninety-day deadline for a speedy trial was December 7. On November 29, the district court continued the trial beyond the December 7 deadline. After a trial that began on February 8, the court found Turner guilty on both counts and sentenced him to consecutive five-year terms of incarceration.

Turner first argues the court erred by finding good cause for delaying trial beyond the speedy-trial deadline. We will reverse a trial court's good-cause finding if there is no reasonable basis in the record supporting the trial court's finding. *State v. Albertsen*, 228 N.W.2d 94, 98 (Iowa 1975).

We begin by noting that our review is hampered by the state of the record. The district court's November 29th order says the State requested or moved to continue, but there is no written motion in the record. The order says that Turner resisted the motion. And although the November 29 hearing was reported, Turner did not order a transcript of that hearing. Although it was the State's burden to show good cause to exceed the speedy-trial deadline, Turner must provide us with a record disclosing the claimed error. *See State v. Ruiz*, 496 N.W.2d 789, 791

(Iowa Ct. App. 1992) ("[A] defendant claiming error has an obligation to provide the court with a record that discloses the error claimed."). When no record is made, "we accept the trial court's findings as being supported by the evidence." *See id.*

Even without a complete record, we discern that good cause existed to delay trial beyond the December 7 speedy-trial deadline. On November 29, the court entered an order continuing the pretrial conference and trial due to "death in the family to key witness, death in the family to attorney, and evidentiary exchange not completed." The pretrial conference was scheduled for December 10th. At that pretrial conference, trial was set for February 7, 2022. A December 27 order, captioned "ORDER RE: GOOD CAUSE," expands on the court's previous good cause reasons and finds good cause to surpass the speedy-trial deadline:

> On the 29th of November, a hearing was held to determine if good cause existed to extend the defendant's one-year speedy trial deadline. The court finds that good cause has been shown. The one-year speedy trial deadline is extended for the following reasons.
> Prosecutor's very close family member unfortunately passed a few days ago and the funeral and executor duties fell upon the prosecutor. Funeral to be held the week of trial next week.
> Moreover, a key witness was unavailable because of events outside of her control.
> In addition, Defense counsel needed additional time to review a video which was a key piece of evidence prior to trial.

Turner disputes that he requested more time and argues another prosecutor could have been assigned to try the case before the deadline. Even so, the unavailability of a key State witness provided good cause.[1] *See State v. McNeal*, 897 N.W.2d

---

[1] We also note there are delays attributable to Turner. After arraignment, the court scheduled a pretrial conference for September 24 with a tentative trial date of October 4. The pretrial conference was then continued twice—first because Turner's court-appointed counsel withdrew based on a conflict of interest, and the second time at Turner's request. On October 8, the court scheduled trial to begin on November 29. Turner changed counsel twice more based on breakdowns in

697, 705 (Iowa 2017) (observing that a conflict with the schedule of at least one material expert witness "[is] enough to justify a brief extension past the speedy trial deadline").

Turner also argues his right to a speedy-trial was violated based on the length of the delay between the speedy-trial deadline and the start of trial. Turner raised the issue in a pro se motion to dismiss filed on January 25, 2022, arguing the two-month delay "was caused due to chronic court congestion" and did not constitute good cause. But as the district court noted, Iowa Code section 814.6A (2021)[2] prevents represented defendants from making and the court from ruling on pro se filings. Although the court directed Turner's attorney to confer with Turner and "determine whether any motion should be filed and set for hearing," counsel did not raise the issue until the day trial was scheduled to start. In an oral motion, counsel argued,

> Mr. Turner is requesting you to . . . reconsider the good cause finding and to dismiss this case because of the case being tried after the 90 days required by Rule of Procedure.
> The good cause hearing was held on November 29th. At that good cause hearing, it was stated by the State that they were [un]able to conduct the trial on or before the running of the speedy trial date. It appears the grounds—and I'm sure there was a record made, so I'm not going to restate all the grounds. That additional time was needed by defense counsel to review discovery and evidence. Good cause was granted.
> Mr. Turner believes the seventy-day delay or resetting of his trial—or approximately seventy days—is unreasonable and is also grounds to dismiss. And the delay in the order from November 29th

the attorney-client relationship. The court appointed the last of the attorneys to represent Turner on November 29—the date trial was scheduled to begin and the date of the continuance hearing.

[2] Section 814.6A(1) states, "A defendant who is currently represented by counsel shall not file any pro se document, including a brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings."

> to December 27th was an unreasonable delay and actually references the one-year speedy trial date.
>
> I'm sorry, there was an additional continuance from the start date from February 7th to February 8th, which he feels is unreasonable.

In denying the request, the court addressed only Turner's argument about reconsidering the good-cause ruling:

> I don't know that the court necessarily has grounds to reconsider a good-cause hearing, especially given the fact that the good-cause hearing happened so long ago; however, I did review the terms of the original good-cause hearing and I make the same finding, that it appears that there were grounds on both sides—both the State and the defendant's side to continue the hearing past the one-year deadline for good cause. And the most prominent of those reasons were that defense counsel needed additional time to be able to be fully prepared for the trial, which is obviously in the defendant's best interests.
>
> So the motion to reconsider is denied.

The court never addressed Turner's argument about the length of the delay between the good-cause ruling and trial. As a result, error is not preserved for appellate review. *See State v. Trane*, 984 N.W.2d 429, 434-35 (Iowa 2023) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we decide them on appeal." (citation omitted)), *reh'g denied* (Feb. 8, 2023); *State v. Walker*, 236 N.W.2d 292, 294 (Iowa 1975) (holding defendants cannot assert error on appeal if they fail to raise a speedy-trial claim below). Accordingly, we affirm.

**AFFIRMED.**